WHITE, Circuit Judge,
dissenting.
I respectfully dissent, and would affirm.
The order of summary suspension ordered that Lai’s license to practice medicine in Michigan “shall be and hereby is summarily suspended commencing the date this order is served upon Respondent.” The order was served on Lai on March 31, 1997. On that same day, a circuit court stayed the order until it could hold a hearing. On April 7, the court entered an amended order staying the order of summary suspension until after hearing and decision by the administrative agency. On July 30, an Administrative Hearing Officer signed a stipulated order lifting the order of summary suspension and restricting Lai’s authority to prescribe and dispense narcotic medication, pending a final determination by the Disciplinary authority. The July 30 order was amended on August 28. The Board of Medicine Disciplinary Subcommittee entered its Final Order on January 17, 2003, suspending Lai’s license for six months and one day. The order stated “this order shall be effective 30 days from the date” of signing.
On the basis of these facts, the district judge concluded that the circuit court’s order staying the order of summary suspension operated to preserve the status quo, “the last, uneontested status preceding commencement of the eontroversy[,]” Lal v. United States Life Ins. Co., No. 1:05-CV-853, 2006 WL 3542670, at *3 (W.D.Mich. Dec.7, 2006), citing Blaylock v. Cheker Oil Co., 547 F.2d 962, 965 (6th Cir.1976), and that Lai’s license was not effectively suspended on March 31, 1997. Thus, the court concluded, the policy remained in effect until February 16, 2003, the effective date of the suspension. The majority rejects this reasoning, concluding instead that Lai’s license was suspended from the time the order of summary suspension was served until the stay order was entered, and that this suspension triggered the termination clause. I would affirm the district court.
The policy states:
TERMINATION — Date Insurance Ends
Your insurance will end on the earliest of:
1. the date the group policy ends;
2. the end of the period for which the last premium has been paid by you;
3. the date you retire;
4. the certificate anniversary coinciding with or next following the date you attain age 75;
5. the date you cease to be an Eligible Member and not Actively at Work;
6. upon the suspension or revocation in any state of your license to practice medicine as a result of a criminal act, ethical violation, or gross malpractice; or upon your surrender of your li *149 cense to practice medicine in any state prior to, during, or in lieu of any medical licensure board inquiry, investigation or other action pertaining to a criminal act, ethical violation, or gross malpractice.
Although the terms “actively at work” and “retired” are defined by the policy, “suspension” and “revocation” are not. Nevertheless, all the terminating events contemplate either that the policy expires or that the insured is no longer covered due to age or inactivity. It is not clear that Lai’s license was suspended on March 31, 1997, even for a brief period of time.
Although the policy does not use the term “final suspension,” it also does not use the term “take action to suspend.” The term “suspension” connotes that one’s privilege to practice has been abrogated or withheld. Had the Board of Medicine decided on a lesser sanction in its Final Order, one could certainly have debated whether Lai’s license was ever suspended at all under the policy.
The order of summary suspension stated that Lai’s license would be suspended “commencing the date [the] order is served;” it did not state “upon service.” A court of competent jurisdiction stayed the order the same date it was served. Thus, even by the terms of the orders, it is unclear whether Lai’s license was ever suspended. The district court concluded that the effect of the stay was to preserve “the status quo so that Lai’s license was not suspended pursuant to the Order of Summary Suspension.” Lai, 2006 WL 3542670, at *3. Given the timing of the orders, this was a sound conclusion. While the Board of Medicine took action to summarily suspend Lai’s license, that action was stayed by the court. Notwithstanding the order of summary suspension, as a consequence of the circuit court’s order, Lai’s license continued to be in effect until it was suspended on February 16, 2003. I would affirm.